IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Hartle et al., <br>     Plaintiffs, <br>   v. <br> FirstEnergy Generation Corp., <br>     Defendant. | Civil Action No. 08-1019 |
| Patrick et al., <br>     Plaintiffs, <br>   v. <br> FirstEnergy Generation Corp., <br>     Defendant. | Civil Action No. 08-1025 |
| Price et al., <br>     Plaintiffs, <br>   v. <br> FirstEnergy Generation Corp., <br>     Defendant. | Civil Action No. 08-1030 |

**MEMORANDUM OPINION**

CONTI, Chief District Judge

## I. Introduction

Before the court are motions for reconsideration filed by plaintiffs in *Hartle v. FirstEnergy Generation Corp.* (No. 08-1019), *Patrick v. FirstEnergy Generation Corp.* (No. 08-1025), and *Price v. FirstEnergy Generation Corp.* (No. 08-1030).[1] Plaintiffs seek reconsideration of the court's opinions and orders limiting plaintiffs' expert witnesses Gary Brown ("Brown") and Fred P. Osman ("Osman") (ECF Nos. 283, 284).

---

1     These three cases are consolidated for discovery purposes. The motions for reconsideration are ECF No. 192 (*Hartle*), ECF No. 298 (*Patrick*), and ECF No. 205 (*Price*). Unless otherwise specified, ECF numbers appearing in the text of the opinion refer to the *Patrick* case.

1

The court issued a series of opinions about expert testimony in its "gatekeeping role" under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993), and its progeny. In all, the court issued eight opinions considering nineteen experts and ruling on forty-four *Daubert* motions. The opinion plaintiffs wish the court to reconsider is part of this series.

These cases involve allegations of air pollution emitted by the Bruce Mansfield Power Plant ("Bruce Mansfield"), a coal-fired electric generation facility operated by defendant FirstEnergy Generation Corporation ("defendant" or "FirstEnergy"). Plaintiffs are individuals and a putative class who reside in the area surrounding Bruce Mansfield. Plaintiffs allege pollution from Bruce Mansfield caused personal injury and property damage. Plaintiffs seek equitable relief and monetary damages under theories of nuisance, trespass, and negligence.

Brown opined that Bruce Mansfield violated the Pennsylvania Air Pollution Control Act ("APCA"), 35 Pa. Stat. §§ 4001–4106, and Solid Waste Management Act ("SWMA"), 35 Pa. Stat. §§ 6018.101–.1003, and regulations implementing those statutes.[2] The court found that these opinions were inadmissible because they

---

2   The court identified the following opinions offered by Brown:

> 1. The emission of white rain by Bruce Mansfield violated Pennsylvania Department of Environmental Protection ("Pennsylvania DEP") regulations implementing the APCA. (Brown Rep. 67, ECF No. 169-1.)
>
> 2. Bruce Mansfield violated permit requirements by emitting white rain, which is a "residual waste" under Pennsylvania DEP regulations implementing the SWMA. (*Id.* at i.)
>
> 3. FirstEnergy failed to report white rain discharge as a "residual waste" under Pennsylvania DEP regulations implementing the SWMA. (*Id.* at 67.)
>
> 4. The black rain incidents violated Pennsylvania DEP regulations implementing the APCA. (*Id.* at 35.)
>
> 5. FirstEnergy failed to report, delineate, and remediate the black rain residue despite Pennsylvania DEP requirements. (*Id.* at 72.)

constituted testimony about "'the governing law of the case'" and "'[s]uch testimony is prohibited because it would usurp the District Court's pivotal role in explaining the law to the jury.'" (Mem. Op. 4–5, ECF No. 283 (quoting *Berckeley Inv. Grp. Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006)).) The court similarly limited the opinions of defendant's expert Joseph P. Pezze ("Pezze"), submitted in rebuttal to Brown, and the opinions of Osman, submitted in rebuttal to Pezze.

The court considered whether expert testimony explaining the statutes and regulations would be admissible. The court found that a violation of the APCA does not constitute negligence per se. (*Id.* at 7.) The court noted, however, that the violation of a statute or regulation may constitute evidence of negligence even when the violation is not negligence per se. (*Id.* at 8.) While "hard pressed to understand how certain violations of the APCA could be relevant to the standard of case required in these cases," the court nevertheless determined that expert testimony explaining the APCA or regulations would be admissible if plaintiffs introduced evidence that defendant violated a relevant requirement of the statute. (*Id.* at 9.)

The court concluded that violation of the SWMA does not constitute negligence per se. (*Id.* at 11.) As with the APCA, the court will permit expert testimony explaining the SWMA and its regulations, should violation of the statute

---

> 6. FirstEnergy did not adhere to "Good Engineering Practice" as required by its operating permit under Pennsylvania DEP regulations implementing the APCA. (*Id.* at 10.)
>
> 7. FirstEnergy failed to inform the Pennsylvania DEP of changes to Bruce Mansfield as required by regulations. (*Id.* at 51.)
>
> 8. White rain constitutes a nuisance and a trespass. (*Id.* at 71.)
>
> 9. FirstEnergy unreasonably operated Bruce Manfield's air emissions control systems and failed to meet the applicable standard of care. (*Id.*)

(Mem. Op. 6, ECF No. 283.)

or regulations be relevant evidence of negligence,[3] but the experts may not offer an opinion about whether FirstEnergy violated the statute or regulations. (*Id.*)

Plaintiffs assert that the court's decision to permit explanatory opinion testimony, but to exclude opinions whether or not a statute or regulation was violated, is erroneous. (ECF No. 298, ¶ 5.) Specifically, plaintiffs argue that the court wrongly interpreted *Rolick v. Collins Pine Co.*, 975 F.2d 1009 (3d Cir. 1992). (*Id.* ¶ 10.) Plaintiffs point to the decisions of other courts permitting expert testimony about compliance with regulations. (*Id.* ¶¶ 13–15.) Additionally, plaintiffs argue that Pennsylvania law requires expert testimony to establish the standard of care and breach of the standard of care, unless the matter is within the ken of the average jury. (*Id.* ¶ 16.)

The motion to reconsider will be granted in part, denied in part, and clarified as set forth below.

## II. Standard of Review

The court may grant a motion for reconsideration if the party seeking reconsideration establishes one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). In this case, plaintiffs seek reconsideration based upon the need to correct clear error and prevent manifest injustice. (ECF No. 298, ¶ 5.) A finding of clear error is appropriate when the record

---

3   The parties were directed to meet and confer about which regulations or statutory provisions implicated a duty owed by defendant to plaintiffs and to submit a notice listing such statutes. On June 18, 2014, the parties submitted a list of thirteen statutory and regulatory provisions plaintiffs believe are relevant to the standard of care or duty owed to plaintiffs by defendant (ECF No. 303). Defendant does not believe any of these provisions are applicable. The court will set a briefing schedule to resolve this dispute.

supports "'the definite and firm conviction that a mistake has been committed.'" *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 345 (3d Cir. 2013) (quoting *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 855 (1982)).

Because of the interest in finality, district courts grant motions for reconsideration sparingly—the parties are not free to relitigate issues the court has already decided. *Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992); *see Williams v. City of Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998) ("[A] motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly.").

## III. Discussion

### A. *Interpretation of* Rolick v. Collins Pine Co.

Plaintiffs assert that the court misinterpreted *Rolick v. Collins Pine Co.*, 975 F.2d 1009 (3d Cir. 1992), with respect to the applicability of regulations as evidence of a standard of care. (ECF No. 298, ¶ 10.)

> Plaintiffs respectfully assert that this Honorable Court's ruling is at odds with the Third Circuit's ruling in *Rolick*. It would not follow that an OSHA regulation which strictly excluded applicability to an independent contractor can be used as relevant evidence of the standard of care owed to that independent contractor, but that APCA and SWMA, which were intended to be broad and protect every citizen, would not be relevant evidence of the applicable standard of care owed to Plaintiffs. Accordingly, APCA (and SWMA, upon which the Court ruled similarly) should, at very least, have been deemed evidence of the applicable standard of care with regard to Plant practices, operations, discharge of pollutants and regulatory compliance—all health, safety and welfare issues.

(*Id.*) Plaintiffs appear to misunderstand the court's opinion. While the court expressed skepticism about the applicability of certain provisions of the APCA and SWMA to the standard of care owed in this case, the court did not determine that the APCA and SWMA would be irrelevant to the standard of care. (Mem. Op. 9,

5

ECF No. 283.) The court reserved ruling on the applicability of the APCA and SWMA to the standard of care until the parties had met and conferred, and if necessary, submitted additional briefing on this issue.[4] (*Id.* at 10.) Since the court made no final determination on this issue, there is no clear error to be corrected or manifest injustice to be avoided.[5]

### B. *Exclusion of Testimony that Defendant Violated Regulations*

To the extent that evidence about the statutes and regulations is relevant to the standard of care, the court limited expert testimony to "background" about the relevant statutes and regulations, including "the nature of regulations and their relationship to a statute and any scientific or technical terms." (Mem. Op. 5 n.3, ECF No. 283.) Plaintiffs argue that the court's exclusion of Brown's opinions that FirstEnergy violated the APCA, SWMA, "Good Engineering Practice," and the applicable standard of care for air emissions control systems was clearly erroneous. (ECF No. 298, ¶¶ 11, 12.) Plaintiffs suggest that this ruling is inconsistent with *Bartoli v. Novartis Pharmaceutical Corp.*, No. 13-724, 2014 WL 151870, at *6–7 (M.D. Pa. Apr. 17, 2014). *Baroli* is a pharmaceutical products liability action. The

---

4   Neither Brown nor Osman directly discussed the Pennsylvania Hazardous Sites Cleanup Act ("HSCA"), 35 PA. STAT. §§ 6020.101–.1305, in his report. The court indicated that neither would be permitted to opine about this statute. (ECF No. 283, at 7 n.4.) Brown opined in his report that Bruce Mansfield took "no appropriate action" to report and remediate releases of arsenic above "Residential Statewide Health Standard." (Brown Rep. 72, ECF No. 244-1.) Plaintiffs argue that the health standard remediation requirements to which Brown refers in the report are contained in the HSCA. (ECF No. 298, ¶ 24.) If plaintiffs contend that the HSCA implicates a duty owed to plaintiffs by defendant, plaintiffs may brief this issue along with the other statutes and regulations identified by the parties at ECF No. 303.

5   Plaintiffs also claim that the court "ruled that reporting requirements to the DEP would not be admissible evidence of a duty of care owed to Plaintiffs." (ECF No. 298, at 5 n.1.) The court, as an example, said that the reporting requirements "might not implicate any duty owed to plaintiffs." (Mem. Op. 9, ECF No. 283.) This example was not intended as a final ruling on the issue, and plaintiffs may address it in their brief about the applicability of statutory and regulatory provisions to the duty of care or standard of care in these cases.

6

district court admitted expert opinion about compliance with FDA regulations, finding that the witness's "expertise in the complicated field of pharmaceutical regulation can surely be of use to a jury." *Id.* at *6. The court permitted the expert to testify about the "reasonableness" of the pharmaceutical company's "conduct in interactions with the FDA and compliance with FDA regulations." *Id.* at *7.

This court made a different decision, permitting general background testimony about the statutes and regulations, should any of the statutes or regulations be deemed relevant with respect to the standard of care, but not permitting opinions about whether the statutes were violated. This choice is supported by the decisional law of the Third Circuit Court of Appeals. In *Berckeley Investment Group, Ltd. v. Colkitt*, Berckeley Investment Group sought to introduce expert testimony about whether it complied with federal securities law. The court of appeals found the

> background testimony [of the expert witness, Van Sant,] could be helpful to the jury. She is an experienced former counsel for the SEC with expertise in offshore securities transactions. The customs and business practices in the securities industry at the time the parties entered into the Agreement provides an important context which will aid the jury in determining whether Berckeley had the requisite scienter at the time to evade the registration requirements.
>
> … Van Sant cannot testify as to whether Berckeley complied with legal duties that arose under the federal securities laws. Thus, Van Sant's testimony that Berckeley's sales of [the stock at issue] were exempt from registration requirements, and any testimony as to the legal effect of the various SEC pronouncements regarding Rule 144 and Regulation S, are inadmissible as improper legal opinions.

*Berckeley*, 455 F.3d at 218. The court of appeals found the district court did not abuse its discretion, however, in admitting Van Sant's testimony about securities industry custom. *Id.* The court of appeals reached a similar result in *United States v. Leo*, 941 F.2d 181, 197 (3d Cir. 1991) (holding that the district court did not abuse

its discretion in admitting expert testimony about customs and practices in the field of government defense contracting because the "district court took care to limit [the expert's] testimony so that he was not giving his opinion as to what the law required").

Plaintiffs argue *United States v. Tonwanda Coke Corp.*, Crim. No. 10-219, 2013 WL 672280 (W.D.N.Y. Feb. 22, 2013), supports their contention that, in the environmental context, an expert witness "may properly testify from personal knowledge about what the Defendant's permits require and whether the conditions required by the permits were observed by the company." (ECF No. 298, at 6.) The decision by the court in *Tonwanda Coke*, however, is similar to the decision of this court. That court stated that "no witness will be permitted to testify about what the law is or what disputed provisions of laws or regulations mean, since that is the province of the court." *Tonwanda Coke*, 2013 WL 672280, at *9. "[T]estimony concerning the regulatory process, how permitting works, the tangential environmental laws and regulations, and other related concepts will be permitted from both sides to educate, orient, and provide context for the jury." *Id.* This is exactly the type of "relevant background" testimony that will be permitted in this case. (*See* Mem. Op. 5 & n.3, ECF No. 283.) The government's experts in *Tonwanda Coke* were not permitted to offer an opinion about whether the defendants were guilty. *Tonwanda Coke*, 2013 WL 672280, at *9. Likewise, this court will not permit expert testimony about whether "FirstEnergy did or did not violate any statute or regulation." (Mem. Op. 5, ECF No. 283.)[6]

---

6   In *Tonwanda Coke*, the court stated that "the government's witnesses may properly testify from their personal knowledge about what Defendants' permits required and whether the conditions required by the permits were observed at [defendant's plant]. Those are factual observations, not conclusions of law." *Tonwanda Coke*, 2013 WL 672280, at *9. To the extent Brown, Pezze, or Osman has personal knowledge of the observed conditions at Bruce Mansfield, he may testify about those conditions—that would not be opinion testimony.

This court "has discretion to determine whether expert testimony will help the trier of fact." *Berckeley*, 455 F.3d at 217. Exercising this discretion to exclude opinion testimony that a party did or did not violate a statute or regulation is supported by precedent and does not constitute clear error. Should the court, after briefing by the parties, determine that particular statutes or regulations are relevant to the standard of care or duty owed to plaintiffs by defendant, the court will permit expert testimony explaining those statutes or regulations.

### C. Expert Testimony Defining Standard of Care

The court held the Brown's opinion that "FirstEnergy unreasonably operated Bruce Mansfield's air emissions control systems and failed to meet the applicable standard of care" should be precluded as an inadmissible legal opinion. (ECF No. 283, at 6.) Plaintiffs argue they are required, under Pennsylvania law, "to produce expert testimony defining the standard of care and that the defendant breached the standard of care for that profession or industry, unless the matter is simple and the lack of ordinary care is obvious and within the range of comprehension of the average jury." (ECF No. 298, at 7.) This is a correct statement of Pennsylvania law. *See, e.g.*, *Smith v. Yohe*, 194 A.2d 167, 170 (Pa. 1963) ("[I]n malpractice cases which involve an appraisal of the care and skill of a physician a lay jury presumably lacks the necessary knowledge and experience to render an intelligent decision without expert testimony and must be guided by such expert testimony."); *Powell v. Risser*, 99 A.2d 454, 456 (Pa. 1953) ("[E]xpert testimony is necessary to establish negligent practice in any profession."); *Brandon v. Ryder Truck Rental, Inc.*, 34 A.3d 104, 110 (Pa. Super. Ct. 2011) (holding that expert testimony was required to prove negligence involving a defective vehicle).

Opinion testimony about the customs and practices of an industry is not necessarily an inadmissible legal conclusion. The distinction "between admissible and inadmissible expert testimony as to the customs and practices of a particular industry often becomes blurred when the testimony concerns a party's compliance

with customs and practices that implicate legal duties." *Berckeley*, 455 F.3d at 218. To the extent an expert proffered in this case offers an opinion about the standard of care based upon customs and practices in the power-generation industry, and not a statute or regulation that must be interpreted by the court, that testimony would be permissible. *See id.*; *Leo*, 941 F.2d at 197. The court therefore revises its opinion and order (ECF Nos. 283, 284) dated March 20, 2014. Brown will not be precluded from opining about the standard of care applicable to Bruce Mansfield, as long as this opinion is based upon his knowledge of customs and practices in the electric generation industry and not his interpretation of statutes or regulations. Pezze and Osman, whose testimony the court similarly limited, (ECF No. 283, at 7), may offer rebuttal opinions based upon their knowledge of customs and practices in the electric-generation industry.

## IV. Conclusion

Plaintiffs' motion to reconsider will be granted in part. Brown, Osman, and Pezze may offer their opinions about the applicable standard of care to the extent such opinion is based upon industry custom and practice. As set forth in the court's opinion and order (ECF Nos. 283, 284) dated March 20, 2014, and further clarified in this opinion, to the extent the court determines that a statute or regulation is relevant to the standard of care in this case, Brown, Osman, and Pezze may offer testimony explaining the statute or regulation. The motion to reconsider is denied in all other respects.

Dated: October 9, 2014

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge